UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBRA K. STARK,

                 Plaintiff,                         Case No. 2:16-cv-14082
                                                     District Judge Robert H. Cleland
v.                                              Magistrate Judge Anthony P. Patti

COMMISSIONER OF
SOCIAL SECURITY,

                 Defendant.
_____/

## REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO WITHDRAW COMPLAINT (DE 11)

**I.**     **RECOMMENDATION:**  The Court should construe Plaintiff's "Motion to Amend Complaint to Withdraw Claim" as a motion for voluntary dismissal and grant the motion.

**II.**     **REPORT**

       On November 17, 2016, Plaintiff filed her Complaint and Application to Proceed without Prepaying Fees or Costs.  (DE 1 and 3.)  The Court granted Plaintiff's Application on November 23, 2016.  (DE 4.)  On January 30, 2017, the Commissioner of Social Security filed an Answer and a certified copy of the Transcript of the Social Security Proceedings.  (DE 8 and 9.)  Thereafter, the Court issued a Scheduling Order.  (DE 10.)

On February 28, 2017, Plaintiff filed the instant motion, stating that since she filed her complaint "circumstances have changed and Plaintiff does not wish to pursue a civil action claim." (DE 11.) Although she styles the motion as one to amend her complaint to withdraw the claim, I recommend that the Court construe the content of the motion as one for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41.

Rule 41 provides that a plaintiff may voluntarily dismiss his or her case without a court order in two ways: 1) by filing a notice of dismissal before the opposing party files an answer or 2) by providing a stipulation of dismissal signed by all parties who have appeared. Fed. R. Civ. P. 41(a). Here, Defendant has answered and the instant motion is not signed by both parties. Accordingly, Plaintiff may only dismiss her case by court order:

> on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.

Fed. R. Civ. P. 41(b).

Defendant has not filed a counterclaim and will suffer no prejudice from a dismissal at this early stage. Further, the Court has been informed that Defendant would not oppose a dismissal. I recommend that the Court grant Plaintiff's motion and dismiss this action without prejudice pursuant to Rule 41(b).

2

## III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 932 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.*  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," *etc.*  If the Court determines that any objections are without

merit, it may rule without awaiting the response.


Dated: March 8, 2017                s/Anthony P. Patti
                                    Anthony P. Patti
                                    UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the document was sent parties of record on March 8,
2017, electronically and/or by U.S. Mail.

                                    s/Michael Williams
                                    Case Manager for the
                                    Honorable Anthony P. Patti

4